JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Benjamin Abella, individually and on behalf of all others similarly situated | Student Aid Center, Inc. a Florida Corporation, and Mozeo, LLC, a New York Limited Liability Company |

(b) County of Residence of First Listed Plaintiff   **Delaware**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   **Miami-Dade**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
David S. Senoff, Esquire-Caroselli Beachler McTiernan & Coleman
1845 Walnut Street, 15th Floor, Philadelphia, PA 19103
(215) 609-1350

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | Injury | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Telephone consumer Protection Act, 47 USC s 227

Brief description of cause:
Violation of the TCPA due to unsolicited text messages

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____ DOCKET NUMBER _____

DATE   6/1/2015

SIGNATURE OF ATTORNEY OF RECORD   *David S. Senoff*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 121 Edgewood Road, Ardmore, PA 19003

Address of Defendant: Student Aid Center, Inc.-2500 NW 79th Ave., Ste. 190, Doral, FL 33122; Mozeo-64 Main Street, #2, Camillus, NY 13031

Place of Accident, Incident or Transaction: **Pennsylvania**

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))          Yes☐  No☒

Does this case involve multidistrict litigation possibilities?          Yes☐  No☒

*RELATED CASE, IF ANY*:

Case Number: _____     Judge _____     Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) **47 USC § 227**

B. *Diversity Jurisdiction Cases*:

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, David S. Senoff _____, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: June 1, 2015 _____ _[signature]_ _____  65278 _____
                            Attorney-at-Law                           Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

DATE: June 1, 2015 _____ _[signature]_ _____  65278 _____
                            Attorney-at-Law                           Attorney I.D.#

CIV. 609 (5/2012)

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 121 Edgewood Road, Ardmore, PA 19003

Address of Defendant: Student Aid Center, Inc.-2500 NW 79th Ave., Ste. 190, Doral, FL 33122; Mozeo-64 Main Street, #2, Camillus, NY 13031

Place of Accident, Incident or Transaction: **Pennsylvania**

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☒

Does this case involve multidistrict litigation possibilities? Yes☐ No☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?

Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?

Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?

Yes☐ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?

Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
(Please specify) 47 USC § 227

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

## ARBITRATION CERTIFICATION

*(Check Appropriate Category)*

I, David S. Senoff _____ , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: June 1, 2015 _____ _____ 65278 _____

Attorney-at-Law Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: June 1, 2015 _____ _____ 65278 _____

Attorney-at-Law Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Benjamin Abella, individually
and on behalf of all others
similarly situtated

           v.

Student Aid Center, Inc., a Florida corporation, and
Mozeo, LLC, a New York Limited Liability Company

CIVIL ACTION

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.         ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.         ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.         ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)         ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( X )

| | | |
|---|---|---|
| May 29, 2015 | David S. Senoff | Plaintiffs |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 609-1350 | (215) 609-1351 | dsenoff@cbmclaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BENJAMIN ABELLA, individually and on behalf of all others similarly situated, | Case No. |
| *Plaintiff,* | |
| *v.* | **CIVIL ACTION** |
| STUDENT AID CENTER, INC., a Florida corporation, and MOZEO, LLC, a New York limited liability company, | **COMPLAINT-CLASS ACTION** **JURY TRIAL DEMANDED** |
| *Defendants.* | |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Benjamin Abella brings this Class Action Complaint and Demand for Jury Trial against Defendants Student Aid Center, Inc. and Mozeo, LLC to stop their practice of making unsolicited text message calls to the cellular telephones of consumers nationwide and to obtain redress for all persons injured by their conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### NATURE OF THE ACTION

1.      Defendant Student Aid Center claims to offer student loan consolidation services. Defendant Mozeo partners with commercial entities like Student Aid Center to send bulk "text blasts" to thousands of consumers.

2.      In a partnership to market Student Aid Center's services, Defendants made unsolicited text message calls to consumers' cellular telephones nationwide using an automatic telephone dialing system ("ATDS"). Unfortunately, Defendants failed to obtain prior express consent from consumers to make such text message calls and, therefore, have violated the

Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

3.      The TCPA was enacted to protect consumers from unsolicited and repeated telephone and text message calls, exactly like those alleged in this case. Defendants made these calls despite the fact that neither Plaintiff nor the other members of the putative Classes ever provided Defendants with their prior express consent to be called. By making the text message calls at issue in this Complaint, Defendants caused Plaintiff and the other members of the Classes actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited text message calls.

4.      In response to Defendants' unlawful conduct, Plaintiff filed the instant lawsuit and seeks an injunction requiring Defendants to cease all unsolicited text messaging activities, as well as an award of statutory damages to the members of the Classes as provided under the TCPA, together with costs and reasonable attorneys' fees.

**PARTIES**

5.      Plaintiff Benjamin Abella is a natural person and citizen of the State of Pennsylvania, who resides at 121 Edgewood Road, Ardmore, PA 19003.

6.      Defendant Student Aid Center, Inc. is a corporation existing under the laws of the State of Florida with its principal place of business located at 2500 NW 79th Avenue, Suite 190, Doral, Florida 33122. Defendant Student Aid Center conducts business throughout this District, the State of Pennsylvania, and the United States.

7.      Defendant Mozeo, LLC is a corporation existing under the laws of the State of New York with its principal place of business located at 64 Main Street, #2, Camillus, New York, 13031. Defendant Mozeo conducts business throughout this District, the State of Pennsylvania, and the United States.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the TCPA, which is a federal statute. This Court has personal jurisdiction over Defendants because they conduct significant amounts of business transactions within this District and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

9.      Venue is proper in this District under 28 U.S.C. § 1391(b) because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District. Additionally, venue is proper because Plaintiff resides here.

## COMMON FACTUAL ALLEGATIONS

10.     Defendant Student Aid Center promotes itself as student loan consolidation and forgiveness service and claims that it can assist consumers in getting out of student loan debt. *See* Figure 1.



**(Figure 1.)**

11.     Defendant Mozeo is an online platform designed to facilitate "bulk sms text

blasting" and allow a business to "easily reach all of [its] mobile contacts." Defendant Mozeo

claims that "[t]ext message blasting is [its] core mobile marketing service." In addition,

Defendant Mozeo takes an active and affirmative role in working with its partners to develop and

create "value-rich text blasts." *See* Figure 2.

Convert Contacts to Customers
Text blasting is perfect for sending **alerts**, special **discounts, promotion information,** or just about anything else you can think of. By providing unique value to your customers on a text message marketing platform that is convenient for them, your company will reap the rewards of having a mobile marketing strategy. Mozeo's team is always on hand to assist you in developing meaningful and value-rich text blasts.

**(Figure 2.)**

12.    Seeking to solicit customers for its loan consolidation services, Defendant Student

Aid Center partnered with Defendant Mozeo to conduct a nationwide "bulk sms text blast" (*i.e.*,

a mobile marketing campaign).

13.    However, in pursuit of these efforts, Defendants made unsolicited text messages

calls to consumers' cellular telephones nationwide without obtaining any form of prior express

consent. Plaintiff and the other members of the proposed Classes never provided their telephone

numbers to Defendants for the purpose of receiving telemarketing or text message calls (or any

other purpose).

14.    Nevertheless, Defendants repeatedly sent text messages to Plaintiff and members

of the Classes from the short code 245-87. The short code 245-87 is owned and operated by

Defendant Mozeo and was used by Defendants to promote Defendant Student Aid Center's

student loan services.

15.    The text messages Defendants sent included solicitations to sign up for student

loan forgiveness and consolidation programs by visiting Defendant Student Aid Center's website

or calling Student Aid Center at (855) 801-6739 or (888) 520-4687. *See* Figure 3.

> Student Loan Forgiveness
> Programs Available-Enrollment
> Now Open-No Credit Check-
> CALL NOW-Instant Approval
> 855-801-6739
> StudentAidCenter.org
> Rply STOP to stop

> Student Loan Holder Your
> Medical Student Loans are
> Approved for Loan Forgiveness
> and Consolidation. Please
> Contact us Now @
> 888-520-4687
> Rply STOP to stop

**(Figure 3.)**

16.     Online complaints regarding text messages promoting Student Aid Center are

legion and date back several years. *See* Figures 4 and 5.













**(Figure 4.)**

5















**(Figure 5.)**

17.     In addition to sending promotional text messages related to its partnership with Defendant Student Aid Center, Defendant Mozeo also sent text messages promoting its own services (the "Mozeo Promotional Text Message") after consumers attempted to opt-out of the already unwanted messages. *See* Figure 6.

> You have unsubscribed from StudentAid and will receive no more messages. Reply HELP for help. 866-369-6034 Msg&data rates may apply. Pwrd by Mozeo

**(Figure 6.)**

18.     The Mozeo Promotional Text Message contains promotional text (*e.g.*, "Pwrd by Mozeo") and also includes a phone number, "(866) 369-6034," which connects callers directly to

Mozeo's "sales team," who undoubtedly further promote and solicit business for Mozeo. The Mozeo Promotional Text Message is sent directly by Mozeo without any affirmative action taken by its partners, including but not limited to Student Aid Center.

19.     By its own Terms of Service, Mozeo claims to operate exclusively on an opt-in system (*i.e.*, consumers must provide express consent). *See* Figure 7. However, as evidenced by the multitude of consumer complaints regarding text messages from Mozeo where the consumer did not opt-in, this claim is patently false. *See* Figure 8.



**(Figure 7.)**



**(Figure 8**, showing complaints regarding text messages from Mozeo's 24587 short code.)

20.     In making the text message calls at issue in this Complaint, Defendants utilized an ATDS. Specifically, the hardware and software used by Defendants have the capacity to store,

produce, and dial random or sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention. Defendants' automated dialing equipment includes features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous text message calls simultaneously (all without human intervention). *See* <u>Figure 9</u>.



**(Figure 9.)**

21.     Plaintiff and members of the Classes did not request or consent to be called by Defendants.

## FACTS SPECIFIC TO PLAINTIFF ABELLA

22.     Starting in March 2015, Defendants began transmitting numerous unwanted text messages from the short code 245-87 to Plaintiff Abella's cellular telephone. Specifically, Plaintiff received text messages from Defendants on at least March 12th, 17th, 20th, 23rd, 27th,

as well as April 1st. *See* Figure 10.

 

(**Figure 10.**)

23.     Then, on April 16th, Plaintiff received a text message from Defendants and

responded "STOP." *See* Figure 11. This request was followed by the receipt of the Mozeo

Promotional Text Message disguised as an opt-out text message. *See* *id.*



(**Figure 11.**)

24.     Plaintiff is not a customer of either Defendant. Moreover, Plaintiff did not provide

9

his cellular telephone number to Defendants. As such, Plaintiff did not provide any form of prior express consent to receive text messages from Defendants.

25.     Plaintiff does not have student loans and was not seeking student loan consolidation services.

26.     Defendants' intrusive text messages adversely affected Plaintiff's right to privacy.

27.     Defendants were and are aware that the above-described text message calls were being made on a widespread basis and that the text message calls were being made to consumers who had not consented to receive them.

## CLASS ALLEGATIONS

28.     **Class Definitions**: Plaintiff brings this action pursuant to Federal Rules of Civil Procedure (b)(2) and (b)(3) on behalf of himself and two Classes of similarly situated individuals defined as follows:

> **Student Aid Center Class:** All persons in the United States who (1) received a text message call; (2) from (or on behalf of) Defendants; (3) that was made for the purpose of promoting Defendant Student Aid Center's products and services; and (4) for whom Defendants have no record of express consent to make such text message calls at the time they were made.

> **Mozeo Class:** All persons in the United States who (1) received a text message call; (2) from (or on behalf of) Defendant Mozeo; (3) that was made for the purpose of promoting Defendant Mozeo's products and services; and (4) for whom Defendant Mozeo has no record of express consent to make such text message calls at the time they were made.

The following persons are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) persons whose

claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

29.     **Numerosity**: The exact number of members of the Classes is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendants have made text message calls to thousands of consumers who fall into the definitions of the Classes. Members of the Classes can be identified through Defendants' records.

30.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

        (a)     whether Defendants' conduct violated the TCPA;

        (b)     whether Defendants made text message calls utilizing an ATDS;

        (c)     whether Defendants systematically made text message calls to persons who did not previously provide Defendants with prior express consent to receive such text message calls; and

        (d)     whether members of the Classes are entitled to treble damages based on the willfulness of Defendants' conduct.

31.     **Typicality**: Plaintiff's claims are typical of the claims of other members of the Classes, in that Plaintiff and the members of the Classes sustained damages arising out of Defendants' uniform wrongful conduct and unsolicited text message calls.

32.     **Adequate Representation**: Plaintiff will fairly and adequately represent and

protect the interests of the Classes, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendants have no defenses unique to Plaintiff.

33.     **Policies Generally Applicable to the Classes**: This class action is appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Classes as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final injunctive relief appropriate with respect to the Classes as a whole. Defendants' practices challenged herein apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendants' conduct with respect to each Class as a whole, not on facts or law applicable only to Plaintiff.

34.     **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendants' misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be

fostered and uniformity of decisions ensured.

## FIRST CAUSE OF ACTION
### Violation of 47 U.S.C. § 227
### (On behalf of Plaintiff and the Student Aid Center Class)

35.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

36.     Defendants made unsolicited and unwanted text message calls to telephone numbers belonging to Plaintiff and the other members of the Student Aid Center Class without their prior express consent and in an effort to promote Defendant Student Aid Center's services.

37.     Defendants made the text message calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*.

38.     Defendants utilized equipment that made the text message calls to Plaintiff and other members of the Student Aid Center Class simultaneously and without human intervention.

39.     By making unsolicited text message calls to Plaintiff and members of the Student Aid Center Class's cellular telephones without prior express consent, and by utilizing an ATDS, Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii).

40.     As a result of Defendants' unlawful conduct, Plaintiff and the members of the Student Aid Center Class had their right to privacy adversely impacted and, under Section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

41.     Should the Court determine that Defendants' conduct was willful and knowing, the Court may, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Student Aid Center Class.

## SECOND CAUSE OF ACTION
### Violation of 47 U.S.C. § 227
### (On behalf of Plaintiff and the Mozeo Class)

42.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

43.     Defendant Mozeo made unsolicited and unwanted text message calls, specifically the Mozeo Promotional Text Message (or substantially similar messages), to telephone numbers belonging to Plaintiff and the other members of the Mozeo Class without their prior express consent and in an effort to promote Defendant Mozeo's services.

44.     Defendant Mozeo made the text message calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*.

45.     Defendant Mozeo utilized equipment that made the text message calls to Plaintiff and other members of the Mozeo Class simultaneously and without human intervention.

46.     By making unsolicited text message calls to Plaintiff and members of the Mozeo Class's cellular telephones without prior express consent, and by utilizing an ATDS, Defendant Mozeo violated 47 U.S.C. § 227(b)(1)(A)(iii).

47.     As a result of Defendant Mozeo's unlawful conduct, Plaintiff and the members of the Mozeo Class had their right to privacy adversely impacted and, under Section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

48.     Should the Court determine that Defendant Mozeo's conduct was willful and knowing, the Court may, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Mozeo Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Benjamin Abella, individually and on behalf of the Student

Aid Center Class and the Mozeo Class, prays for the following relief:

1.      An order certifying the Classes as defined above, appointing Plaintiff Benjamin

Abella as the representative of the Classes, and appointing his counsel as Class Counsel;

2.      An award of actual and statutory damages;

3.      An injunction requiring Defendants to cease all unsolicited text messaging

activities and otherwise protecting the interests of the Classes;

4.      An award of reasonable attorneys' fees and costs; and

5.      Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

**BENJAMIN ABELLA**, individually and on behalf
of all others similarly situated,

Dated: June 1, 2015                                    By: _____
                                                                        One of Plaintiff's Attorneys

David S. Senoff (PA 65278)
dsenoff@cbmclaw.com
CAROSELLI BEACHLER MCTIERNAN & COLEMAN, LLC
1845 Walnut Street, Floor 15
Philadelphia, Pennsylvania 19103
Tel: 215.762.6153
Fax: 215.609.1351

15

Rafey S. Balabanian*
rbalabanian@edelson.com
Benjamin H. Richman*
brichman@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Pro hac vice admission to be sought.

16