UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE NO.: 2:15-cv-03067-SD

BENJAMIN ABELLA, individually and on
behalf of all others similarly situated,

    Plaintiff,

v.

STUDENT AID CENTER, INC., a Florida
Corporation and MOZEO LLC, a New York
Limited Liability Company,

    Defendants.

_____/

## DEFENDANT, STUDENT AID CENTER, INC.'S, MOTION TO DISMISS AND MOTION TO STRIKE PLAINTIFF'S COMPLAINT OR IN THE ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT

COMES NOW, Defendant, STUDENT AID CENTER, INC. (hereinafter referred to as "SAC" or Defendant), by and through undersigned counsel and pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), 12(f) and 12(e) moves this Court for an Order of dismissal and the striking of Plaintiff's Complaint or in the alternative for a more definite statement and as grounds therefore would state as follows:

1.    Plaintiff's lawsuit is one of many putative class action cases being brought under the Telephone Consumer Protection Act (hereinafter referred to as "TCPA"). The total volume of such actions has been steadily increasing and has become a touchstone of litigation. According to one study, this area of litigation rose by 63% in 2012 (see Patrick Lunsford, *Why Are TCPA Cases Against ARM Firms Rising as FDCPA Cases*

1

*Fall?* available at http://www.insidearm.comldaily/collection-laws-regulations/collectionlaws -and - regulations/why-are-tcpa-cases-against-arm-firms-rising-as-fdcpa-casesfall (citing data provided by research firm WebRecon, LLC)).

2. As one commentator recently put it: The TCPA has become fertile ground for nuisance lawsuits because class action lawyers are often rewarded with quick settlements, even in cases without any merit, simply because litigation uncertainty and the potential financial exposure resulting from a bad decision are too great a risk for a company to bear. (Monica Desai, et al., *A TCPA For The 21st Century: Why TCPA Lawsuits Are On The Rise and What the FCC Should Do About It,* International Journal of Mobile Marketing, Vol. 8, No.1, 75 76 (2013).)

3. The TCPA which was intended by Congress and the FCC as a means of protecting consumers from unwanted telemarketing calls has now been transformed into a favorite fee generating tool for class action plaintiff's counsel, who routinely file multi-million-dollar cases regardless of the nature of the calls upon which their complaints are predicated. *See* Comments of the U.S. Chamber of Commerce, *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of* 1991, CG Docket 02278 (filed November 12, 2012) (available at httpvwww.uschamber.com /sites/ default/files/comments)).

4. Plaintiff's first burden is to show that he is entitled to relief via "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2) (2015). This standard set by Rule 8 is more than a mere formality: "A complaint fails to meet this standard if it tenders naked assertion[ s] devoid of further factual enhancements." *Ashcroft* v. *Iqbal,* 556 US. 662, 678 (2009) (internal quotations and citation omitted).

5. Plaintiff's Complaint is founded entirely on his claim that Defendants violated 47 U.S.C. §227(b)(1)(A)(iii). In his Complaint Plaintiff simply alleges that he received texts from Defendants without his prior express authorization. [DE 1 Complaint pp. 8, 13 ¶¶ 22, 39].

6. However, Plaintiff's Complaint is devoid of any allegations that he is the owner of the phone number which was texted or that he was charged for the text. In pertinent part, 47 U.S.C. §227(b)(1)(A)(iii) states that it is unlawful for any person to make a call using an automatic telephone dialing system to any cellular phone "**for which the called party is charged for the call.**" Emphasis added. 47 U.S.C. §227(b)(1)(A)(iii) (2015). Plaintiff's failure to show that he was charged for the call would be fatal to his Complaint as 47 U.S.C. §227(2)(C) provides an exemption to 47 U.S.C. §227(b)(1)(A)(iii) if the call is not charged to the called party. 47 U.S.C. §227(2)(C) (2015).

7. Plaintiff's Complaint, without providing any elaboration for the assertion whatsoever other than to state that it is based on Plaintiff's information and belief, jumps to the conclusion that an automatic telephone dialing system was used to transmit the text. An automatic telephone dialing system has unique characteristics which differentiate it from software that use established databases to generate calls. There is no allegation in Plaintiff's Complaint that states that the system used had the capacity to randomly or sequentially generate telephone numbers, a key component to automatic telephone dialing systems. This court has already held that simply storing numbers and dialing from a stored database using dialing software does not violate the TCPA. *See, Dominguez v. Yahoo! Inc.*, 8 F.Supp. 3d 637 (E.D.Pa. 2014).

8. In short, Plaintiff's Complaint is woefully short on specific factual allegations that could establish his right to relief. *See Iqbal,* 556 US. at 677 78 (2009); *Bell At. Corp.* v. *Twombly,* 550 US. 544, 555 56 (2007).

9. Because Plaintiff's Complaint contains no facts other than barebones allegations that SAC texted him without his express consent, his Complaint should be dismissed under Rule 12(b)(6) for failure to state a claim.

10. This Court also lacks subject matter jurisdiction over this matter as Defendant has served Plaintiff with a Rule 68 Proposal for Settlement which would fully

resolve all of his claims, rendering this matter moot and thus divesting this Court of jurisdiction.[1] Under these circumstances a dismissal would be appropriate under Federal Rules of Civil Procedure 12(b)(1).

11. In addition to dismissing Plaintiff's Complaint, the Court should also strike Plaintiff's class definition from the Complaint. The class that Plaintiff proposes to certify is defined to consist only of those individuals who can ultimately establish that Defendants violated the TCPA. This is the very definition of a prohibited "failsafe" class; i.e., a class in which membership impermissibly turns on whether or not an individual can establish the legal elements of a valid claim. Accepting this definition would require the Court to address central issues of liability involved in the case and to engage in a premature merits evaluation simply to determine who is or is not in the class.[2]

12. The Court should also strike Plaintiff's scandalous allegations relating to a "legion" of consumer complaints being filed against SAC as said allegations are a bald face attempt to prejudice the Court against SAC and have no legal or factual bearing whatsoever on the matters to be decided by the Court in the present matter.

13. In the alternative, in light of the lack of factual allegations in the Complaint and Plaintiff's failsafe class definition, Plaintiff should be required to plead a more definite statement regarding the basis of his claims for relief.

---

[1] SAC acknowledges that the proposal served herein was served immediately before the filing of this motion to dismiss and that Plaintiff has not accepted same. Furthermore, SAC is aware of established precedent that states that an unaccepted proposal does not divest the Court of jurisdiction. *Gomez v. Campbell-Ewald Company*, 768 F.3d 871 (9th Cir. 2014) and *Weitzner v. Sanofi Pasteur, Inc.*, 2014 WL 1786500 (M.D.Pa. 2014). However, the United States Supreme Court has granted the petition for writ of certiorari in the matter of *Campbell-Ewald v. Gomez*. *See, Campbell-Ewald v. Gomez*, 2015 WL 246885 (2015). Thus, SAC raises this issue so as to preserve its rights, which may be affected by the United States Supreme Court decision in such matter. *See, Campbell-Ewald v. Gomez*, 2015 WL 246885 (2015).

[2] SAC will more fully address the issues relating to why class certification is not appropriate in this case should Plaintiff survive Defendant's Motion to Dismiss and when the Court sets a briefing schedule on Plaintiff's pending Motion for Class Certification.

4

SANCHEZ-MEDINA, GONZALEZ, QUESADA,
LAGE, CRESPO, GOMEZ, MACHADO & PREIRA
LLP
201 Alhambra Circle, Suite 1205
Coral Gables, Florida 33134
Telephone: (305) 377-1000
Facsimile: (855) 327-0391
E-Mail: glage@smgqlaw.com, rperez@smgqlaw.com

BY:/S GUSTAVO D. LAGE
    GUSTAVO D. LAGE, ESQ.
    *Pro Hac Vice* Florida Bar No. 972551

ECKELL, SPARKS, LEVY, AUERBACH, MONTE,
SLOANE, MATTHEWS & AUSLANDER, P.C.
344 West Front Street
Media, PA 19063
Telephone:  (610) 565-3700
Facsimile:  (610) 565-1596
E-Mail:  phenigan@eckellsparks.com

BY:/S PATRICK T. HENIGAN
    PATRICK T. HENIGAN
    Pennsylvania Bar No. 49448

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE NO.: 2:15-cv-03067-SD

BENJAMIN ABELLA, individually and on
behalf of all others similarly situated,

       Plaintiff,

v.

STUDENT AID CENTER, INC., a Florida
Corporation and MOZEO LLC, a New York
Limited Liability Company,

       Defendants.

_____/

## MEMORANDUM OF LAW
### A. Standard on a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).

A plaintiff's claim must be plausible to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Iqbal,* 556 US. at 678, 79. When the "well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged but it has not show[n] that the pleader is entitled to relief." *Id.* at 679 (internal citation and quotations omitted). Although a complaint challenged by a motion to dismiss need not provide detailed factual allegations, it must offer "more than labels and conclusions" and contain more than a "formulaic recitation of the elements of a cause of action." *Twombly,* 550 US. at 555.

In deciding a Rule 12(b)(6) motion, the Court is limited to the allegations on the face of the complaint (including documents attached thereto), matters that are properly judicially noticeable, and other extrinsic documents if "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does

not explicitly allege the contents of that document in the complaint." *Knievel* v. *ESPN,* 393 F.3d 1068, 1076 (9th Cir. 2005).

B.   **Standard on a Motion to Strike Pursuant to Fed. R. Civ. P. 12(f).**

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc.* v. *Fogerty,* 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds by *Fogerty* v. *Fantasy, Inc.,* 510 U.S. 517 (1994). "Impertinent" matter includes "statements that do not pertain, and are not necessary, to the issues in question." *Id.* Further, "[w]here the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery." *Sanders* v. *Apple Inc.,* 672 F. Supp. 2d 978, 989 90 (N. D. Cal. 2009); *see also* Fed. R. Civ. P. 23(d)(1)(D).

C.   **Standard on a Motion for a More Definite Statement Pursuant to Fed. R. Civ. P. 12(e).**

Federal Rule of Civil Procedure 12(e) states that "a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." A more definite statement is appropriate where: (1) a complaint's allegations are not specific enough to enable a defendant to determine whether to interpose a waivable defense in his or her answer; (2) the defendant lacks certain information peculiarly within the knowledge of the plaintiff, without which the defendant cannot answer the complaint with a good faith, general denial; and (3) the court finds it desirable to pare down "shotgun" pleadings to make the litigation more manageable through more controlled discovery. *Lasky v. Camden Cnty.,* 2010 WL 323220 *2 (D.N.J. Jan. 20, 2010) (quotation omitted).

## I. PLAINTIFF'S COMPLAINT FAILS TO PLEAD A CAUSE OF ACTION UNDER THE TCPA.

A. Plaintiff Failed to Plead Sufficient Facts to Establish that the Telephone Calls violate 47 U.S.C. §227 (b)(1)(A)(iii).

In his First Cause of Action, Plaintiff claims Defendants violated the TCPA section 47 U.S.C. § 227(b)(1)(A)(iii) which states: (b) It shall be unlawful for any person within the United states, or any person outside the United states if the recipient is within the United States --

- (A) to make any call (other than a call for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice –
- (iii) to any telephonic number assigned to a paging service, cellular telephone service, specialized radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

Accordingly in order to establish a violation of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff must establish that he owns the telephone number to which the call was placed and that he is charged for the call.

The foregoing position finds further authority and is buttressed by 47 U.S.C. §227(2)(C) which authorizes an exemption of 47 U.S.C. § 227(b)(1)(A)(iii) for cellular telephone service that are not charged to the called party.

Plaintiff's Complaint does not even contain conclusory statements that he owned the telephone which was called, it does not mention the number that was called and it fails to state that Plaintiff was charged for the call.

Plaintiff's Complaint does however contain conclusory allegations that the alleged violation occurred because an automatic telephone dialing system was used. This conclusory statement is based solely on speculation clothed under the guise of "information

and belief" which could more appropriately be phrased by Plaintiff stating "this is what we are hoping occurred so let us take discovery to see if its true." There is no allegation that the system used had the capacity to randomly or sequentially generate telephone numbers which is the hallmark of an automatic telephone dialing system as opposed to simply storing telephone numbers. *See, Dominguez v. Yahoo! Inc.*, 8 F.Supp. 3d 637 (E.D. Pa. 2014).

Finally, Plaintiff is merely guessing that these purported thousands of calls were all "unsolicited" and made without the prior express consent of the called parties using an automatic telephone dialing system. Plaintiff's speculation as to how many additional, allegedly wrongful telephone calls Defendant may have placed is patently insufficient under *Twombly*. *See Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level. "). Thus, Plaintiff's claims regarding the number of potential class members are unsupported by fact and are too conclusory to be assumed true. *See, e.g., Stonecrafters, Inc. v. Foxfire Printing & Packaging, Inc.*, 633 F. Supp. 2d 610, 617 (N.D. Ill. 2009) (questioning whether an allegation regarding likely class size was "anything more than a 'naked assertion devoid of further factual enhancements'" (citations omitted)). Plaintiff's receipt of an allegedly unsolicited call or calls is simply insufficient to support his conclusion about the potential class size.

## II. PLAINTIFF'S CLASS DEFINITION MUST BE STRICKEN BECAUSE IT IS AN IMPROPER FAILSAFE CLASS.

A "district court will strike class allegations without permitting discovery or waiting for a certification motion where the complaint ... clearly demonstrate[s] that the plaintiff cannot meet the requirements for a class action." *Bell v. Cheswick Generating Station, Genon Power Midwest, L.P.*, 2015 WL 401443, at *2 (W.D. Pa. Jan. 28, 2015); *see also* Fed. R. Civ. P. 12(f) & 23(d)(1)(D). Particularly here, where the class definition is fatally defective as a matter of law, the motion to strike should be granted so as to avoid the needless

expenditure of time and money litigating class allegations.

Plaintiff seeks to represent a putative class consisting of:

> **28. Class Definitions**: Plaintiff brings this action pursuant to Federal Rules of Civil Procedure (b)(2) and (b)(3) on behalf of himself and … similarly situated individuals defined as follows … **Student Aid Center Class**: All persons in the United States who (1) received a text message call; (2) from (or on behalf of) Defendants; (3) that was made for the purpose of promoting Defendant Student Aid Center's products and services; and (4) for whom Defendants have no record of express consent to make such text message calls at the time they were made.

[DE 1 Complaint p. 10 ¶ 28]. This definition exemplifies an improper "failsafe" class.

"A fail-safe class is one that is defined so that whether a person qualifies as a member depends on whether the person has a valid claim." *Zarichny v. Complete Payment Recovery Servs., Inc.*, 2015 WL 249853, at *11 (E.D. Pa. Jan. 21, 2015). "Its existence, therefore, cannot be ascertained until the conclusion of the case, when liability is determined." *Id.* "The class definition requires a determination on the merits before members are identified, creating what the Supreme Court called one-way intervention." *Id.* *12. That is to say, either the class members win or, if the defense prevails, no class exists, and the putative class members, unbound by any judgment, are free to pursue individual claims." *Id.* "Class actions are generally binding on absent class members, but such a class impermissibly skirts the bar of *res judicata*." *Id.* ("grant[ing] defendants' motion to dismiss … and motion to strike the class allegations"). This is patently unfair to the defendant because "[e]ither the class members win or, by virtue of losing, they are not in the class and, therefore, not bound by the judgment." *Randleman v, Fidelity Nat'l Title Ins. Co.*, 646 F.3d 347, 352 (6th Cir. 2011).

Indeed, courts within this district have explicitly held that "[i]n order for a class to be ascertainable, the class must be precisely defined with reference to objective criteria and there must be a reliable and administratively feasible mechanism for determining whether

putative class members fall within the class definition." *Bell*, 2015 WL 401443, at *3. "When a class is fail-safe—*i.e.*, it requires the court to address the central issue of liability in the case,—it is impermissibly vague and may be untenable." *Id.* at *4. "When a class definition involves an ultimate issue of liability, the court must conduct mini—hearings in order to determine who belongs within the class and who does not, rendering the process administratively infeasible and therefore unascertainable." *Id.* (granting defendant's motion to strike class allegations).

Recent decisions dismissing failsafe class definitions include *Lindsay Transmission, LLC* v, *Office Depot, Inc.,* 2013 WL 275568 at * 4,5 (ED. Mo. Jan. 24, 2013) (striking class definition in a TCPA case that alleged a failsafe class because a determination of central liability would be required to ascertain the class) and *G.M Sign, Inc.* v. *Franklin Bank, SSB*, 2007 WL 4365359, at *7 (N.D. Ill. Dec. 13,2007) (rejecting a TCPA class where "the proposed class definition improperly includes a component of a lack of defense, namely proof of express permission or invitation prior to the receipt of the fax advertisement.").

Even more relevant to the instant matter is *Sauter* v. *CVS Pharmacy, Inc.,* No. 2:13 cv 846, 2014 WL 1814076 (S.D. Ohio May 7, 2014), in which the court rejected a strikingly similar class definition to Plaintiffs. In *Sauter*, the plaintiff sought to represent a class and two related subclasses of "all persons within the United States who received a non-emergency telephone call from CVS to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice and who did not provide prior express consent for such calls" during the four years prior to filing the complaint. *Id.* at 8. The putative classes included only people who did not consent to CVS' phone contact (*Id.* at 3 and 8), but the court ruled that "[b]ecause the TCPA prohibits calls to cellular telephones using [an automatic telephone dialing system] unless prior express consent has been given, defining the class to include anyone who received such a call without prior express consent means

11

that only those potential members who would prevail on this liability issue would be members of the class." *Id.* at 9. In other words, only those people who could show that CVS violated the TCPA would be members of the class. *Id.* Accordingly, the court granted CVS' motion to strike. *Id.*

Similarly here, because the purported class definition seeks to include only those people who received an unauthorized call from SAC, the class is an impermissible failsafe class. That is, only those people who could show that SAC violated the TCPA by sending them an unauthorized phone call using an automatic telephone dialing system could prevail and be a member of the class. Plaintiff's proposed class definition also highlights another problem with the Complaint: It fails to clearly articulate the theory under which Plaintiff is claiming that Defendant violated the TCPA.

Given the scant factual allegations in the Complaint and the vague nature of Plaintiff's claims, Defendant cannot ascertain the boundaries of the putative class. Such an amorphous class definition could not survive certification, and the litigation of such a case would be costly and unmanageable. *See* Fed. R. Civ. Proc. 23. With no defined boundaries to restrain the class, discovery would be unwieldy at best. Accordingly, Defendant respectfully requests that the Court exercise its discretion to strike the class definition.

### III. IN THE ALTERNATIVE, PLAINTIFF SHOULD BE ORDERED TO PROVIDE A MORE DEFINITE STATEMENT OF HIS CLAIMS.

A plaintiff's complaint may survive a motion to dismiss under Rule 12(b)(6) and yet the plaintiff may still be required to provide a more definite statement. *See Lasky v. Evesham Owner LLC*, CIV. 14-03035, 2014 WL 2710969, at *3 (D.N.J. June 16, 2014) (noting that in a disability discrimination lawsuit, although the plaintiff stated a claim, a more definite statement was necessary since "[a] general allegation that the parking, access route, bathrooms, and other services at the restaurant are not accessible is too vague to

reasonably expect Defendants to prepare a response"). Here, the combination of threadbare allegations and a failsafe class definition renders Plaintiff's Complaint so vague and ambiguous that SAC cannot reasonably prepare a response. SAC should not be required to speculate as to which phone calls Plaintiff is attacking beyond those specifically quoted in his Complaint. Moreover, absent additional detail from Plaintiff properly defining the class, it will be difficult for the Court to make the "litigation more manageable through more controlled discovery." *Id* at *2.

It should be noted that, procedurally, it is acceptable to attack the support for class allegations at the pleading stage. In a complaint seeking relief under Rule 23, for example, if it is "facially apparent from the pleadings that there is no ascertainable class, a district court may dismiss the class allegation on the pleadings." *John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007); *see Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 212 (9th Cir. 1975) (affirming dismissal of class claims before any discovery was conducted in the action); *Xavier v. Belfor Grp. USA, Inc.*, 254 F.R.D. 281, 286 (ED. La. 2008).

## IV. CONCLUSION

For all of the foregoing reasons, Defendant, STUDENT AID CENTER, INC., respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety.

Defendant, STUDENT AID CENTER, INC., respectfully further request that the Court issue an Order striking the class definition included in Plaintiff's Complaint as well as the scandalous allegations of alleged prior complaints against STUDENT AID CENTER, INC.

Defendant, STUDENT AID CENTER, INC., respectfully further requests that in the alternative, the Court issue an Order compelling Plaintiff to amend the Complaint with a more definite statement of the facts upon which he bases his claim under the Telephone Consumers Protection Act, 47 U.S.C. § 277 (b)(1)(A)(iii).

SANCHEZ-MEDINA, GONZALEZ, QUESADA,
LAGE, CRESPO, GOMEZ, MACHADO & PREIRA LLP
201 Alhambra Circle, Suite 1205
Coral Gables, Florida 33134
Telephone: (305) 377-1000
Facsimile: (855) 327-0391
E-Mail: glage@smgqlaw.com, rperez@smgqlaw.com

BY:/S GUSTAVO D. LAGE
  GUSTAVO D. LAGE, ESQ.
  *Pro Hac Vice* Florida Bar No. 972551

ECKELL, SPARKS, LEVY, AUERBACH, MONTE,
SLOANE, MATTHEWS & AUSLANDER, P.C.
344 West Front Street
Media, PA 19063
Telephone: (610) 565-3700
Facsimile: (610) 565-1596
E-Mail: phenigan@eckellsparks.com

BY:/S PATRICK T. HENIGAN
  PATRICK T. HENIGAN
  Pennsylvania Bar No. 49448

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by cm/ecf on August 3, 2015, on all counsel of record on:

David S. Senoff, Esq.
dsenoff@cbmclaw.com
Caroselli Beachler McTiernan & Coleman, LLC
1845 Walnut Street, Floor 15
Philadelphia, PA 19103
Tel: 215-762-6153
Fax: 215-609-1351
*Counsel for Plaintiff*