## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BENJAMIN ABELLA, individually and on behalf of all others similarly situated,<br><br>   *Plaintiff*,<br><br>v.<br><br>STUDENT AID CENTER, INC., a Florida corporation, and MOZEO, LLC, a New York limited liability company,<br><br>   *Defendants*. | Case No. 2:15-cv-03067-SD |

### FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Benjamin Abella brings this First Amended Class Action Complaint and Demand for Jury Trial against Defendants Student Aid Center, Inc. ("Student Aid Center") and Mozeo, LLC ("Mozeo") to stop their practice of making unsolicited text message calls to the cellular telephones of consumers nationwide and to obtain redress for all persons injured by their conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### NATURE OF THE ACTION

1. Defendant Student Aid Center claims to offer student loan consolidation services. Defendant Mozeo partners with commercial entities like Student Aid Center to send bulk "text blasts" to thousands of consumers.

2. In a partnership to market Student Aid Center's services, Defendants made unsolicited text message calls to consumers' cellular telephones nationwide using an automatic telephone dialing system ("ATDS"). Unfortunately, Defendants failed to obtain prior express

1

consent from consumers to make such text message calls and, therefore, have violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

3. The TCPA was enacted to protect consumers from unsolicited and repeated telephone and text message calls, exactly like those alleged in this case. Defendants made these calls despite the fact that neither Plaintiff nor the other members of the putative Classes ever provided Defendants with their prior express consent to be called. By making the text message calls at issue in this Complaint, Defendants caused Plaintiff and the other members of the Classes actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited text message calls.

4. In response to Defendants' unlawful conduct, Plaintiff filed the instant lawsuit and seeks an injunction requiring Defendants to cease all unsolicited text messaging activities, as well as an award of statutory damages to the members of the Classes as provided under the TCPA, together with costs and reasonable attorneys' fees.

## PARTIES

5. Plaintiff Benjamin Abella is a natural person and citizen of the State of Pennsylvania.

6. Defendant Student Aid Center, Inc. is a corporation existing under the laws of the State of Florida with its principal place of business located at 2500 NW 79th Avenue, Suite 190, Doral, Florida 33122. Defendant Student Aid Center conducts business throughout this District, the State of Pennsylvania, and the United States.

7. Defendant Mozeo, LLC is a corporation existing under the laws of the State of New York with its principal place of business located at 64 Main Street, #2, Camillus, New York, 13031. Defendant Mozeo conducts business throughout this District, the State of

Pennsylvania, and the United States.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the TCPA, which is a federal statute. This Court has personal jurisdiction over Defendants because they conduct significant amounts of business transactions within this District and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

9. Venue is proper in this District under 28 U.S.C. § 1391(b) because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District. Additionally, venue is proper because Plaintiff resides here.

## COMMON FACTUAL ALLEGATIONS

10. Defendant Student Aid Center promotes itself as student loan consolidation and forgiveness service and claims that it can assist consumers in getting out of student loan debt. See Figure 1.



**(Figure 1.)**

11. Defendant Mozeo is an online platform designed to facilitate "bulk sms text blasting" and allow a business to "easily reach all of [its] mobile contacts." Defendant Mozeo claims that "[t]ext message blasting is [its] core mobile marketing service." In addition, Defendant Mozeo takes an active and affirmative role in working with its partners to develop and create "value-rich text blasts." See Figure 2.

> **Convert Contacts to Customers**
> Text blasting is perfect for sending **alerts**, special **discounts**, **promotion information**, or just about anything else you can think of. By providing unique value to your customers on a text message marketing platform that is convenient for them, your company will reap the rewards of having a mobile marketing strategy. Mozeo's team is always on hand to assist you in developing meaningful and value-rich text blasts.

**(Figure 2.)**

12. Seeking to solicit customers for its loan consolidation services, Defendant Student Aid Center partnered with Defendant Mozeo to conduct a nationwide "bulk sms text blast" (i.e., a mobile marketing campaign).

13. However, in pursuit of these efforts, Defendants made unsolicited text messages calls to consumers' cellular telephones nationwide without obtaining any form of prior express consent. Plaintiff and the other members of the proposed Classes never provided their telephone numbers to Defendants for the purpose of receiving telemarketing or text message calls (or any other purpose).

14. Nevertheless, Defendants repeatedly sent text messages to Plaintiff and members of the Classes from the short code 245-87. The short code 245-87 is owned and operated by Defendant Mozeo and was used by Defendants to promote Defendant Student Aid Center's student loan services.

15. The text messages Defendants sent included solicitations to sign up for student loan forgiveness and consolidation programs by visiting Defendant Student Aid Center's website or calling Student Aid Center at (855) 801-6739 or (888) 520-4687. See Figure 3.

4

> Student Loan Forgiveness Programs Available-Enrollment Now Open-No Credit Check-CALL NOW-Instant Approval 855-801-6739 StudentAidCenter.org Rply STOP to stop

> Student Loan Holder Your Medical Student Loans are Approved for Loan Forgiveness and Consolidation. Please Contact us Now @ 888-520-4687 Rply STOP to stop

**(Figure 3.)**

16. Online complaints regarding text messages promoting Student Aid Center are legion and date back several years. *See* Figures 4 and 5.



Frank — 2015-01-07 14:23:05 — Text Message ID: 24587 / 245-87 — Company : MOZEO — Optout success: No
Received two separate text messages from 24587 today. Replied STOP...not sure it worked yet because I received the second message within 2 hours of the first. Both messages were pitching Student Loan Consolidation. I have never subscribed to receive messages from MOZEO nor have I asked for info about Student Loan Consolidation. THIS IS SPAM



Carolyn — 2014-03-18 12:49:11 — Text Message ID: 24587 / 245-87 — Company : — Optout success: Did Not Try
New Medical Student Loan Forgiveness Plans Available! Check Eligibility! CALL NOW - Instant Approval 888-593-1215 -www.StudentAidCenter.org Rply STOP to stop

When I tried to reply, my message service notified me that I may get a charge on my bill...which is something I've never been notified of before.



STOP — 2015-04-15 06:56:36 — Text Message ID: 24587 / 245-87 — Company : — Optout success: Did Not Try
"Student loan holder Your Student Loans are Approved for Loan Forgiveness and Consolidation. Please contact us Now @ 855-801-6739 Rply STOP to stop"



joe — 2015-03-25 10:46:18 — Text Message ID: 24587 / 245-87 — Company : n/a — Optout success: Did Not Try
about student loan forgiveness, did not reply stop or even acknowledge it I DO NOT RECOMMEND REPLYING TO THIS AT ALL! I am a computer science major and believe this is just a phishing scam.



Annoyed — 2015-04-08 12:49:07 — Text Message ID: 24587 / 245-87 — Company : Student aid center — Optout success: No
I continue to received text messages from student loan forgiveness below is detailed messageStudent Loan Holder Your Student Loans are Approved for Loan Forgiveness and Consolidation. Please Contact us Now @ 855-801-6739 Rply STOP to stop. Has anyone contracted the number ?



Cookie — 2013-12-13 12:38:20 — Text Message ID: 24587 / 245-87 — Company : — Optout success: Did Not Try
"New Student Loan Forgiveness Plans Available! Check Eligibility! CALL NOW - Instant Approval 888-593-1215 or www.studentaidcenter.org Rply STOP to stop". I did not reply back - not sure if that's a way to get my info by hacking into my phone or not.

**(Figure 4.)**

5





(Figure 5.)

17.     In addition to sending promotional text messages related to its partnership with Defendant Student Aid Center, Defendant Mozeo also sent text messages promoting its own services (the "Mozeo Promotional Text Message") after consumers attempted to opt-out of the already unwanted messages. See Figure 6.

(Figure 6.)

18.     The Mozeo Promotional Text Message contains promotional text (e.g., "Pwrd by Mozeo") and also includes a phone number, "(866) 369-6034," which connects callers directly to Mozeo's "sales team," who undoubtedly further promote and solicit business for Mozeo. The

Mozeo Promotional Text Message is sent directly by Mozeo without any affirmative action taken by its partners, including but not limited to Student Aid Center.

19. By its own Terms of Service, Mozeo claims to operate exclusively on an opt-in system (i.e., consumers must provide express consent). See Figure 7. However, as evidenced by the multitude of consumer complaints regarding text messages from Mozeo where the consumer did not opt-in, this claim is patently false. See Figure 8.



(**Figure 7.**)



(**Figure 8**, showing complaints regarding text messages from Mozeo's 24587 short code.)

20. In making the text message calls at issue in this Complaint, Defendants utilized an ATDS. Specifically, the hardware and software used by Defendants have the capacity to store, produce, and dial random or sequential numbers, and/or receive and store lists of telephone

numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention. Defendants' automated dialing equipment includes features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous text message calls simultaneously (all without human intervention). *See* Figure 9.



**(Figure 9.)**

21. As Figure 9 demonstrates, Defendant Mozeo has a graphical user interface ("GUI") through which its customers and partners can create a "text message blast[]." With this GUI, clients are directed to create "Your Text Message" by writing a message (like the marketing message for "Founders Coffee" in Figure 9) that will be "sen[t] to your ENTIRE list of contacts" either immediately by pressing "Send Now" or according to a "Text Blast Send Schedule." As such, by using the GUI, thousands of text messages can be simultaneously sent to a list of phone numbers (randomly generated or otherwise) without any human intervention or

activity.

22. In addition to its GUI method for sending "text message blasts," Mozeo also allows its customers to use an application program interface (or "API") to send text messages using computer code. Figure 10 is an excerpt from Mozeo's *Mozeo API Outbound SMS* document:

```
<?PHP
//Define web service
$rs = "URL of Server  web service specified by Mozeo";
$qs = "";

//Define input parameters
$parray = array('to'=>"phonenumber", 'datetimestamp'=>"datetimestamp",
'messagebody'=>"message", 'companykey'=>"companykey", 'messageid'=>"messageid",
'username'=>"platformusername", 'password'=>"platformpassword", 'stop'=>"no");

//URL Encode input parameters
foreach($parray as $par=>$value)
{
        $qs=$qs."$par=".urlencode($value)."&";
}
$uri = "$rs?$qs";

//Send to web service
$cobj = curl_init($uri);
curl_setopt($cobj,CURLOPT_RETURNTRANSFER,1);
$xml = curl_exec($cobj);
curl_close($cobj);

echo $xml;
?>
The following input parameters are to be used by the REST web service.
```

(**Figure 10.**)

23. There, the documentation shows that Mozeo clients, like Defendant Student Aid Center, simply incorporate that "PHP" code (i.e., the programming language used by Mozeo) into their service or computer program. Then, by modifying the "phonenumber" parameter (circled in red), a message can be sent to any phone number. In fact, the "PHP" code can be supplemented with the code below (or computer code that is substantially similar) to send a text message to a completely random phone number:

```
//Define input parameters
$parray = array('to'=> rand(100, 999) . '-' . rand(100, 999) . '-' . rand(1000, 9999),
'datetimestamp'=>"datetimestamp", 'messagebody'=>"message", 'companykey'=>"companykey",
'messageid'=>"messageid", 'username'=>"platformusername", 'password'=>"platformpassword",
'stop'=>"no"); public function randomPhone() {    return rand(100, 999) . '-' . rand(100, 999) . '-' .
rand(1000, 9999); }
```

(**Figure 11.**)

9

24. As such, and by design, Mozeo's text message "blasting" system is also capable of sending text messages to random phone numbers by utilizing the PHP standard function "rand()."

25. Plaintiff and members of the Classes did not request or consent to be called by Defendants.

## FACTS SPECIFIC TO PLAINTIFF ABELLA

26. Starting in March 2015, Defendants began transmitting numerous unwanted text messages from the short code 245-87 to Plaintiff Abella's cellular telephone. Specifically, Plaintiff received text messages from Defendants on at least March 12th, 17th, 20th, 23rd, and 27th, as well as April 1st. *See* Figure 12.

 

(**Figure 12.**)

27. Then, on April 16th, Plaintiff received a text message from Defendants and responded "STOP." *See* Figure 13. This request was followed by the receipt of the Mozeo Promotional Text Message disguised as an opt-out text message. *See id.*



**(Figure 13.)**

28.     Plaintiff is not a customer of either Defendant. Moreover, Plaintiff did not provide his cellular telephone number to Defendants. As such, Plaintiff did not provide any form of prior express consent to receive text messages from Defendants.

29.     Plaintiff does not have student loans and was not seeking student loan consolidation services.

30.     Defendants' intrusive text messages adversely affected Plaintiff's right to privacy.

31.     Defendants were and are aware that the above-described text message calls were being made on a widespread basis and that the text message calls were being made to consumers who had not consented to receive them.

**CLASS ALLEGATIONS**

32.     **Class Definitions**: Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and (b)(3) on behalf of himself and two Classes of similarly situated individuals defined as follows:

> **Student Aid Center Class:** All persons in the United States who (1) received a text message call; (2) from (or on behalf of) Defendants; (3) that was made for the purpose of promoting Defendant Student Aid Center's products and services; and (4) for whom Defendants have no record of express consent to make such text message calls at the time they were made.
>
> **Mozeo Class:** All persons in the United States who (1) received a text message call; (2) from (or on behalf of) Defendant Mozeo; (3) that was made for the purpose of promoting Defendant Mozeo's products and services; and (4) for whom Defendant Mozeo has no record of express consent to make such text message calls at the time they were made.

The following persons are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

33. **Numerosity**: The exact number of members of the Classes is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendants have made text message calls to thousands of consumers who fall into the definitions of the Classes. Members of the Classes can be identified through Defendants' records.

34. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

  (a)  whether Defendants' conduct violated the TCPA;

  (b)  whether Defendants made text message calls utilizing an ATDS;

  (c)  whether Defendants systematically made text message calls to persons who did not previously provide Defendants with prior express consent to receive such text message calls; and

  (d)  whether members of the Classes are entitled to treble damages based on the willfulness of Defendants' conduct.

35. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Classes, in that Plaintiff and the members of the Classes sustained damages arising out of Defendants' uniform wrongful conduct and unsolicited text message calls.

36. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendants have no defenses unique to Plaintiff.

37. **Policies Generally Applicable to the Classes**: This class action is appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Classes as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final injunctive relief appropriate with respect to the Classes as a whole. Defendants' practices challenged herein apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendants' conduct with respect to each Class as a whole, not on facts or law applicable only to Plaintiff.

38. **Superiority**: This case is also appropriate for class certification because class

proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendants' misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

## FIRST CAUSE OF ACTION
### Violation of 47 U.S.C. § 227
**(On behalf of Plaintiff and the Student Aid Center Class)**

39.   Plaintiff incorporates the foregoing allegations as if fully set forth herein.

40.   Defendants made unsolicited and unwanted text message calls to telephone numbers belonging to Plaintiff and the other members of the Student Aid Center Class without their prior express consent and in an effort to promote Defendant Student Aid Center's services.

41.   Defendants made the text message calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*.

42.   Defendants utilized equipment that made the text message calls to Plaintiff and other members of the Student Aid Center Class simultaneously and without human intervention.

43. By making unsolicited text message calls to Plaintiff and members of the Student Aid Center Class's cellular telephones without prior express consent, and by utilizing an ATDS, Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii).

44. As a result of Defendants' unlawful conduct, Plaintiff and the members of the Student Aid Center Class had their right to privacy adversely impacted and, under Section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

45. Should the Court determine that Defendants' conduct was willful and knowing, the Court may, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Student Aid Center Class.

<div align="center">

**SECOND CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227**
**(On behalf of Plaintiff and the Mozeo Class)**

</div>

46. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

47. Defendant Mozeo made unsolicited and unwanted text message calls, specifically the Mozeo Promotional Text Message (or substantially similar messages), to telephone numbers belonging to Plaintiff and the other members of the Mozeo Class without their prior express consent and in an effort to promote Defendant Mozeo's services.

48. Defendant Mozeo made the text message calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*.

49. Defendant Mozeo utilized equipment that made the text message calls to Plaintiff and other members of the Mozeo Class simultaneously and without human intervention.

50.     By making unsolicited text message calls to Plaintiff and members of the Mozeo Class's cellular telephones without prior express consent, and by utilizing an ATDS, Defendant Mozeo violated 47 U.S.C. § 227(b)(1)(A)(iii).

51.     As a result of Defendant Mozeo's unlawful conduct, Plaintiff and the members of the Mozeo Class had their right to privacy adversely impacted and, under Section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

52.     Should the Court determine that Defendant Mozeo's conduct was willful and knowing, the Court may, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Mozeo Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Benjamin Abella, individually and on behalf of the Student Aid Center Class and the Mozeo Class, prays for the following relief:

1.     An order certifying the Classes as defined above, appointing Plaintiff Benjamin Abella as the representative of the Classes, and appointing his counsel as Class Counsel;

2.     An award of actual and statutory damages;

3.     An injunction requiring Defendants to cease all unsolicited text messaging activities and otherwise protecting the interests of the Classes;

4.     An award of reasonable attorneys' fees and costs; and

5.     Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

**BENJAMIN ABELLA**, individually and on behalf of all others similarly situated,

Dated: August 24, 2015					By: /s/ Courtney C. Booth
						One of Plaintiff's Attorneys

David S. Senoff (PA 65278)
dsenoff@cbmclaw.com
CAROSELLI BEACHLER MCTIERNAN & COLEMAN, LLC
1845 Walnut Street, Floor 15
Philadelphia, Pennsylvania 19103
Tel: 215.762.6153
Fax: 215.609.1351

Rafey S. Balabanian (Admitted *Pro Hac Vice*)
rbalabanian@edelson.com
Benjamin H. Richman (Admitted *Pro Hac Vice*)
brichman@edelson.com
Courtney C. Booth (Admitted *Pro Hac Vice*)
cbooth@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

## **CERTIFICATE OF SERVICE**

   I, Courtney Booth, an attorney, hereby certify that on August 24, 2015, I served the above and foregoing Plaintiff's ***First Amended Class Action Complaint and Demand for Jury Trial***, by causing a true and accurate copy of such paper to be filed and served on all counsel of record via the Court's CM/ECF electronic filing system, on this the 24th day of August 2015.

                /s/ Courtney C. Booth