IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BENJAMIN ABELLA | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| STUDENT AID CENTER, INC. and MOZEA LLC | : | NO. 15-3067 |
| | : | |

MEMORANDUM

Dalzell, J.                                                                                    October 30, 2015

## I.   Introduction

We consider here defendant Student Aid Center, Inc.'s ("SAC") motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), motion to strike pursuant to Rule 12(f), and motion for a more definitive statement pursuant to Rule 12(e).[1]

Plaintiff Benjamin Abella ("Abella") brings this putative class action claim pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C.A. § 227. We have federal question jurisdiction over this claim under 28 U.S.C. § 1331.

SAC moves to dismiss Abella's complaint for failure to state a claim and lack of jurisdiction or, in the alternative, moves for Abella to make a more definite statement in his pleadings. SAC also moves to strike Abella's class definition from the complaint and his reference to the "legion" of consumer complaints allegedly filed against SAC. For the reasons set forth below, we will deny all of SAC's motions.

---

[1] All of the motions are consolidated on the docket under entry #21 filed on September 8, 2015. Defendant SAC had previously filed similar motions in response to plaintiff's first complaint, and these are found at docket entry #17 from August 3, 2015. We will deny as moot the motions in docket entry #17 in light of the more recent filings.

II.    **Factual Background**[2]

Defendant SAC is a student loan consolidation and forgiveness service that offers assistance to consumers hoping to alleviate their student loan debt burden. Compl. at ¶ 10. Defendant Mozeo is an online platform designed to facilitate "bulk sms (sic) text blasting" and allow a business to "easily reach all of [its] mobile contacts." Id. at ¶ 11. SAC partnered with Mozeo to conduct a nationwide "bulk sms (sic) text blast," or a mobile marketing campaign. Id. at ¶ 12. The campaign sent unsolicited text messages to consumers' cellular telephones without obtaining any form of prior express consent. Id. at ¶ 13. Abella was the recipient of many unwanted text messages in March and April of 2015. Id. at ¶ 26. On April 16, 2015, Abella received a text message from SAC through Mozeo and responded "STOP." Id. at ¶ 27. This request was followed by the receipt of a Mozeo Promotional Text Message disguised as an opt-out text message. Id. Abella is not a customer of SAC or Mozeo. Id. at ¶ 28. He did not provide his cellular telephone number to either company and did not supply any form of prior express consent to receive text messages from SAC or Mozeo. Id.[3] Abella alleges that SAC and Mozeo were aware that these text messages were being made on a widespread basis to consumers who had not consented to receive them. Id. at ¶ 31.

III.   **Discussion**

Defendant SAC has submitted four motions for our consideration. First, it moves to dismiss Abella's complaint for failure to state a claim pursuant to Rule 12(b)(6). Second, it moves to dismiss Abella's complaint for lack of subject matter jurisdiction under Rule 12(b)(1). Third, it moves to strike SAC's class definition and the complaint's reference to the "legion" of

---

[2] We recite the facts as alleged in the first amended complaint.
[3] Abella notes that he does not have student loans. Id. at ¶ 29. In this regard, he is much more fortunate than many recent, and not so recent, college attendees.

alleged complaints made against SAC pursuant to Rule 12(f).  Fourth and finally, it moves in the alternative for a more definite statement pursuant to Rule 12(e).  We consider these motions in turn.

### A.     SAC's Motion to Dismiss for Failure to State a Claim

SAC moves to dismiss Abella's complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  A defendant moving to dismiss under Rule 12(b)(6) bears the burden of proving that the plaintiff has failed to state a claim for relief.  See Fed. R. Civ. P. 12(b)(6); see also, e.g., Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).  To survive a Rule 12(b)(6) motion, the complaint must contain sufficient factual matter, accepted as true, to state a facially plausible claim to relief.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.

As the Supreme Court stresses, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action…do not suffice."  Id.  Courts "are not bound to accept as true a legal conclusion couched as a factual allegation."  Twombly, 550 U.S. at 555.  The Court further notes that analyzing claims is a "context-specific task" that requires judges to use their "judicial experience and common sense" when ultimately deciding whether or not a plaintiff has pled sufficient factual content to plausibly state a claim for relief.  Iqbal, 556 U.S. at 679.

In the wake of Twombly and Iqbal, our Court of Appeals laid out a two-part test to apply when considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6):

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal citations omitted). In deciding a motion to dismiss, we may consider "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record," and any "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefits Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

Abella brings his claim against SAC pursuant to the TCPA, which provides that:

> It shall be unlawful for any person within the United States…to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice…to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

47 U.S.C.A. § 227(b)(1)(A)(iii). Here, Abella has averred that he received text messages from SAC despite not being a customer of the company, not providing his contact information to it, and not consenting to receiving the text messages in any way. Compl. at ¶¶ 26-31. He further asserts that SAC used an automatic telephone dialing system to send these texts. Id. at 20. These facts, when accepted as true, plausibly state a claim upon which relief can be granted under the TCPA.

SAC asserts that Abella has not pled sufficient facts to state a claim under the TCPA, arguing that he has not pled that he owned the telephone which received the messages and that

Abella has not shown that he was charged for the text messages. The first argument is borderline preposterous, as Abella states in his complaint that in March of 2015, SAC "began transmitting unwanted text messages…to Plaintiff Abella's cellular telephone." Compl. at ¶ 26. It takes no leap of logic to conclude that "Abella's cellular telephone" is actually Abella's cell phone -- that he owns. Second, SAC misreads 47 U.S.C.A. § 227 to require that a plaintiff be charged for the unwanted text messages in order to state a claim. District courts throughout the country, and, in particular, the 11th Circuit,[4] have noted that the last phrase of 47 U.S.C.A. § 227(b)(1)(A)(iii) referencing "any service for which the called party is charged for the call," is a separate locution that does not modify the other services listed before it. See, e.g., Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242, 1257 (11th Cir. 2014) (stating that the phrase "for which the called party is charged" does not apply to services listed before it); Manno v. Healthcare Revenue Recovery Group, 289 F.R.D. 674, 683 (S.D. Fla. 2013) (holding that "the TCPA does not require the plaintiff to be 'charged for' the calls in order to have a standing to sue"). We therefore reject SAC's assertion that Abella must plead that he was charged for the messages in order to state a plausible claim for relief. Thus, we will deny SAC's motion to dismiss for failure to state a claim.

      B.      <u>SAC's Motion to Dismiss for Lack of Jurisdiction</u>

SAC next moves to dismiss Abella's complaint for lack of jurisdiction pursuant to Rule 12(b)(1). When jurisdiction is challenged under this Rule, a plaintiff has the burden of persuading the court that it has subject matter jurisdiction over the case. Vidovic v. Losinjska Plovidba Oour Broadarstvo, 868 F. Supp. 691, 693 (E.D. Pa. 1994) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991). When considering a challenge to

---

[4] SAC, to its credit, mentioned these cases in its motion.

jurisdiction under Rule 12(b)(1), courts must first determine whether the challenge is a factual or facial attack to jurisdiction. United States ex rel. Atkinson v. Pennsylvania Shipbuilding Co., 473 F.3d 506, 514 (3d Cir. 2007). If an attack is facial, the court looks only at the allegations in the pleadings and does so in the light most favorable to the plaintiff. Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). If the attack is factual, a court may review evidence outside the pleadings when deciding the motion. Gould Electronics Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000). In deciding a factual attack, we are permitted to make factual findings beyond the pleadings if those facts are decisive to determining jurisdiction. CNA v. United States, 535 F.3d 132, 139 (3d Cir. 2008).

Here, SAC has made a factual attack asserting that we do not have subject matter jurisdiction because it "served Plaintiff with a Rule 68 Proposal for Settlement which would fully resolve all of his claims." Def. Mot. at 3. Every Court of Appeals that has spoken on this issue has held that the rejection of an offer of judgment fully satisfying a plaintiff's demands does not render a case moot. Bais Yaakov of Spring Valley v. ACT, Inc., 798 F.3d 46, 52 (1st Cir. 2015); Hooks v. Landmark Indus., Inc., 797 F.3d 309, 315 (5th Cir. 2015); Chapman v. First Index, Inc., 796 F.3d 783, 786 (7th Cir. 2015); Tanasi v. New Alliance Bank, 786 F.3d 195, 200 (2d Cir. 2015); Stein v. Buccaneers Ltd. P'ship, 722 F.3d 698, 702 (11th Cir. 2014); Diaz v. First Am. Home Buyers Prot. Corp., 732 F.3d 948, 954 (9th Cir. 2013). To be sure, our Court of Appeals has not yet adopted this holding. But we feel comfortable using the determinations of six separate Courts of Appeals to guide our analysis. While SAC correctly points out that the Supreme Court may have something to say on this matter shortly, see Campbell-Ewald Co. v. Gomez, 768 F.3d 871 (9th Cir. 2014), cert. granted, 135 S.Ct. 2311 (May 18, 2015), the prevailing case law at this time is clear in stating that a Rule 68 offer does not divest a court of

subject matter jurisdiction.[5] We will therefore deny SAC's motion to dismiss for lack of subject matter jurisdiction.[6]

### C. SAC's Motion to Strike Abella's Class Definition and the "Legion" of Consumer Complaints Allegation

SAC also moves to strike Abella's class definition and allegations of the "legion" of consumer complaints allegedly filed against SAC. A court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). In a putative class action, a plaintiff may generally conduct discovery relevant to the Rule 23 class certification requirements, and therefore a court should only grant a motion to strike class allegations if class treatment is evidently inappropriate from the face of the complaint. Zarichny v. Complete Payment Recovery Services, Inc., 80 F. Supp. 3d 610, 615 (E.D. Pa. 2015) (citing Landsman & Funk PC v. Skinder-Strauss Assocs., 640 F.3d 72, 93 (3d Cir. 2011)). As our sister court explained, "[i]t is only when no amount of discovery or time will allow for plaintiffs to resolve deficiencies in class definitions under Rule 23, that a motion to strike class allegations should be granted." McPeak v. S-L Distribution Co., Inc., No. 12-348, 2014 WL 4388562, at *4 (D.N.J. Sept. 5, 2014).

In Zarichny, as is the case here, the defendant claimed that the class definition proposed by the plaintiff was an impermissible "fail-safe" class, which we described as "one that is defined so that whether a person qualifies as a member depends on whether the person has a

---

[5] Abella asked us to stay the proceedings in this case until the Supreme Court issues its opinion in Campbell-Ewald Co. See Def. Reply at 5-8. We do not find that to be necessary, as we can reconsider our past rulings if they at some time in the future become contrary to Supreme Court precedent.

[6] Abella also averred that SAC's motion to dismiss for lack of subject matter jurisdiction should be denied because the Rule 68 settlement offer did not include the injunctive relief Abella requested. We do not reach this issue as we have already decided to deny SAC's motion to dismiss pursuant to Rule 12(b)(1) on other grounds.

valid claim." 80 F. Supp. 3d at 624.  We noted that our Court of Appeals had not yet considered the permissibility of fail-safe classes, but we nonetheless found that the plaintiff's proposed class should be struck because it was not readily ascertainable.  Id. at 625.  We relied on Marcus v. BMW of North America, LLC, 687 F.3d 583 (3d Cir. 2012), when arriving at this conclusion, since the Third Circuit in that case held that a class action is inappropriate when "class members are impossible to identify without extensive and individualized fact-finding or 'mini-trials.'" Id. at 593.  The plaintiff's putative class in Zarichny required a finding that the defendant failed to send written notice to potential class members, a finding that would have "impermissibly require[d] us to certify a class solely on potential class members' say so."  80 F. Supp. 3d at 626.

We do not think Abella's proposed class meets the definition of a fail-safe class, nor does it raise the same issues on whether potential class members are as ascertainable as the proposed class in Zarichny.  First, Abella's proposed class is not a fail-safe as he (intentionally, no doubt) makes no reference to SAC's use of an automatic telephone dialing system (ATDS) in the class definition, which is a required element for a claim under the TCPA, 47 U.S.C.A. § 227(b)(1)(A)(iii).  Recently, a district court in Minnesota found that a similar class definition making no reference to the use of an ATDS did not constitute a fail-safe class.  Soular v. Northern Tier Energy LP, No. 15-CV-556, 2015 WL 5024786, at *8 (August 25, 2015).  We agree with our Minnesota colleague's reasoning and find that Abella's proposed class definition is not a "fail-safe."

Moreover, Abella is not relying on potential class members' word when determining whether they gave SAC consent to send them text messages, as was the case in Zarichny.  Abella instead will rely on SAC's internal records that detail whether it received consent to text certain phone numbers, a method that our Court of Appeals has stated is sufficient to satisfy the

requirement that potential class members be ascertainable. See In re Community Bank of Northern Virginia Mortg. Lending Practices Litigation, 795 F.3d 380, 397 (3d Cir. 2015) (finding that the plaintiff's proposed class was ascertainable because the defendant "possesse[d] all of the relevant bank records needed to identify the putative class members"). This case is not one where "no amount of discovery or time will allow for plaintiffs to resolve deficiencies in class definitions under Rule 23," McPeak, 2014 WL 4388562, at *4, and thus it is inappropriate to strike Abella's class definition from the complaint. We will therefore deny SAC's motion to strike said class definition.

     SAC also moves to strike the complaint's reference to the "legion" of consumer complaints filed against it since "said allegations are a bald-faced attempt to prejudice the Court against SAC and have no legal or factual bearing whatsoever on the matters." Mot. at ¶ 11. Motions to strike are generally disfavored, as striking a pleading "is a drastic remedy to be resorted to only when required for the purposes of justice." North Penn Transfer, Inc. v. Victaulic Co. of America, 859 F. Supp. 154, 158 (E.D. Pa. 1994) (internal citations omitted). To prevail on a motion to strike, the moving party must demonstrate that "the allegations have no possible relation to the controversy and may cause prejudice to one of the parties…" DeLa Cruz v. Piccari Press, 521 F. Supp. 2d 424, 428-29 (E.D. Pa. 2007) (citing 5C C. Wright & A. Miller, Federal Practice and Procedure, § 1382, at 809-10 (1969). We find that SAC has not met this heavy burden, as the allegation that many consumers have complained about receiving unauthorized texts is related to the central issue in this case and the allegation in no way prejudices SAC before this Court. We will therefore deny SAC's motion to strike this allegation from the complaint.

D.     **SAC's Motion for a More Definite Statement**

Finally, SAC moves for a more definite statement.  Fed. R. Civ. P. 12(e) allows for a more definite statement only where the answering party "will not be able to frame a responsive pleading" due to the "vagueness or ambiguity of the (opposing party's) pleading."  Schaedler v. Reading Eagle Publication, Inc., 370 F.2d 795, 798 (3d Cir. 1967).  Further, Rule 12(e) motions "are disfavored in light of the liberal pleading standards established by Fed. R. Civ. P. 8(a)." Mutual Industries, Inc. v. American International Industries, No. 11-5007, 2011 WL 4836195 (Oct. 11, 2011) (internal citations omitted).  And, as our sister court explained, "[s]ince the 12(e) motion is prone for implementation of barristerial shadow boxing, its exercise should be cast in the mold of strictest necessity."  Lincoln Laboratories, Inc. v. Savage Laboratories, Inc., 26 F.R.D. 141, 142 (D. Del. 1960).

We do not find Abella's complaint so vague as to preclude SAC from framing a responsive pleading.  The complaint alleges that SAC has sent text messages to the cell phones of Abella and other individuals without their consent in violation of the TCPA.  Compl. at ¶¶ 13-15.  Abella has stated the exact dates on which he received these text messages in his complaint. Id. at ¶¶ 26-27.  He has also buttressed his class allegations by alleging numerous consumer complaints about receiving unwarranted text messages from SAC.  Id. at ¶ 16.  In fact, Abella has painstakingly detailed the alleged relationship between defendants SAC and Mozeo in a way that clearly describes how certain individuals end up receiving text messages they had not consented to receiving.  Id. at ¶¶ 12-17.  This goes beyond the pleading requirements set out by Fed. R. Civ. P. 8.  SAC's motion for a more definite statement is without merit, and we will therefore deny it.

## IV. Conclusion

Defendant SAC has submitted four motions for our consideration and we hold that none of them have merit. We will deny SAC's motion to dismiss for failure to state a claim, motion to dismiss for lack of jurisdiction, motion to strike the class definition and allegations of consumer complaints, and its motion for a more definite statement. An appropriate Order follows.

BY THE COURT:


　　/s/ Stewart Dalzell, J.
Stewart Dalzell, J.